No. 384
NORTON v. HENDERSON
Ohio Court of Appeals, Allen County, Ohio
No. 333. March 9, 1923
Chittenden, Kinkade and Richards, of the Sixth District, sitting.
This opinion has not been published except in Abstract.
CONTRACT—(1) Surrender of stock in consideration of execution of instrument in payment of services rendered is good consideration for—(2) No presumption of consideration except in negotiable instruments—PROCEDURE—(3) Courses open to defendant when motion for directed verdict is refused—(4) Bill of exceptions must contain certificate that all the evidence heard is contained therein.
CHITTENDEN, J.
Chittendon, Kinkade and Richards, JJ.
Epitomized Opinion
Error to Allen Court of Common Pleas
Judgment Affirmed
Norton and others agreed in writing to pay to Henderson $14,000 in consideration that Henderson transfer to The R. L. Dolling's Co. certain stock which he held, partly in his own name and partly in trust, in the Champion Eng. Co. Part of the amount was to satisfy a claim by Henderson as attorney fees for services rendered and the whole transaction was purusant to a plan of reorganiztion of the Champion

Eng. Co. Henderson brought suit on the instrument and Norton set up as a defense lack of consideration. A motion by Norton for a verdict in his favor at the conclusion of plaintiff's testimony was overruled and a verdict for Henderson in the lower court. Held by Court of Appeals in affirming the judgment:

1. Assignment and surrender of stock in consideration of the execution of an instrument in payment of services and the purchase price of other shares of stock in sufficient consideration to allow an action to be maintained on the instrument.

2. There is a presumption as to consideration only in the case of negotiable instruments.

3. When at the conclusion of a plaintiff's evidence a motion is made by the defendant for a verdict in his favor and such motion is overruled, the defendant has an election either to stand on the exception to the ruling on his motion and let judgment be entered accordingly or to proceed with his defense.

4. A reviewing court can only know that all the evidence is before the court by a statement in the bill of exceptions that it contains all the evidence. 78 O. S. 326.

Attorneys—Wheeler & Bentley, Stickle & Cessna and C. W. Faulkner, for Norton; W. H. Klinger and Henderson & Durbin, for Henderson.

No. 385
DAVIS v. EBERLY
Ohio Court of Appeals, Erie County
No. 13959. Apr. 23, 1923
RAILROADS—(1) Meaning of defective appliance under 9017 GC—(2) Error for not restricting charge to negligence in failure to provide safe place to work
RICHARDS, J.:
Epitomized Opinion
Error to Cuyahoga Common Pleas; reversed.
This is an action for personal injuries. In November, 1919, Eberly was an employe of the Director General of Railroads. His duties consisted of filling of locomotive boilers on the B. & O. R. R. at Willard, Ohio, and in order to do this it was necessary for him to go on top of the engine and there attach a rubber hose. The plaintiff claimed that on the night of the accident, while descending from the engine, he slipped and fell, injuring his back. He also claimed that there was a defective condition of the locomotive engine in that it was not equipped with proper steps and that one of the steps thereon had been broken off. The trial before Judge Williams of Sandusky, Ohio resulted in a verdict and judgment in favor of the plaintiff for $4,000. The Director General prosecuted error, claiming that the court committed error in charging the jury that the action came within GC Sec. 9017, inasmuch as the evidence clearly showed that B. & O. engines of this type did not have any steps on them at this place. The Court of Appeals held:

1. As GC. Sec. 9017 only covers defects in locomotives and appliances and does not place a statutory duty upon the employer to exercise reasonable care in providing a safe place to work.

2. As the plaintiff's right of action, if any, in this case consisted of the Railroad Company's failure to provide a reasonably safe place to work, rather than a violation of GC. 9017, the court erred in charging the jury that the above statute was applicable to the facts of this case.

Attorneys—King, Ramsey, Flynn & Pyle, for Davis; Young & Young and Burwell, for Eberly.